IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL WINSLOW | : | CIVIL ACTION |
| | : | NO. 14-04550 |
| v. | : | |
| | : | |
| STEVENS, et al. | : | |
| | : | |
| O'NEILL, J. | : | January 21, 2015 |

## MEMORANDUM

Plaintiff Randall Winslow, proceeding pro se,[1] brings this action pursuant to § 1983 against the Honorable Correale Stevens, the Honorable Anne Lazarus and the Honorable Robert Colville[2] seeking declaratory and other relief on the grounds that Pennsylvania Rule of Civil Procedure 1042.3 is unconstitutional. Presently before me are defendants' motion to dismiss plaintiff's complaint (Dkt. No. 3) and plaintiff's response (Dkt. No. 5). For the reasons that follow, I will grant defendants' motion.

## BACKGROUND

On April 6, 2006, plaintiff was arrested for allegedly driving under the influence. See Dkt. No. 6, Winslow v. Rubino, et al., No. 2010-13425 (Ct. Comm. Pleas Chester Cnty., Jan. 30, 2012). Plaintiff pled guilty, served 72 hours in prison and had his driver's license suspended for

---

[1] Because plaintiff is proceeding pro se, I "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). "[H]owever inartfully pleaded," pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

[2] Justice Stevens is a judicial officer who served on the Pennsylvania Superior Court from November 1997 until he was sworn in as a Justice of the Pennsylvania Supreme Court on July 31, 2013. Judge Lazarus is a judicial officer of the Superior Court of Pennsylvania. Judge Colville served as a judicial officer of the Pennsylvania Superior Court from March 20, 2006 until January 6, 2010. See Dkt. No. 3 at 1.

one year. Plaintiff claims that his attorney, Paul Rubino, agreed to take an appeal in his case but failed to do so. Plaintiff then attempted to sue Rubino for breach of contract in the Court of Common Pleas for Chester County.

The Court of Common Pleas found that plaintiff's contract claim was properly construed as a professional malpractice action. Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires a certificate of merit in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard. See Pa. R. Civ. P. 1042.3(a). Since plaintiff had not filed a certificate of merit pursuant to Rule 1042.3, the Court of Common Pleas granted summary judgment against plaintiff and in favor of Rubino.

In opposition to Rubino's motion for summary judgment in the Court of Common Pleas, plaintiff "alleged that Rule 1042.3 is unconstitutional because it violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment" and violates the doctrine of separation of powers. Dkt. No. 6, Winslow v. Rubino, et al., No. 2010-13425 (Ct. Comm. Pleas Chester Cnty., Jan. 30, 2012). Plaintiff appealed to the Superior Court, which affirmed. See Dkt. No. 6, Winslow v. Rubino & Hoey, LLC, 55 A.3d 151 (Pa. Super. Ct. 2012). Plaintiff next filed a petition to appeal the Superior Court's decision to the Pennsylvania Supreme Court, which denied plaintiff's petition. See Winslow v. Rubino & Hoey, LLC, 63 A.3d 1249 (2013).

On July 31, 2014, plaintiff filed this action in federal court. See Dkt. No. 1. Plaintiff now attempts to challenge the constitutionality of Rule 1042.3 on the grounds that it violates the Contract Clause found in Article I, Section 10 of the Constitution and the Fourteenth Amendment's Due Process and Equal Protection clauses.

## STANDARD OF REVIEW

I.      **Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). A plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. See Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the Court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court reviewing a facial attack may consider only the allegations of the complaint and any documents referenced therein or attached thereto in the light most favorable to the plaintiff. Id. In reviewing a factual attack, a court may consider evidence outside the pleadings. Id.

**II.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has

made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

**I.   The Rooker-Feldman Doctrine**

To the extent that plaintiff seeks "review and rejection of decisions previously made by the Pennsylvania state courts" I do not have jurisdiction over his claims under the Rooker-Feldman doctrine.[3] Healy v. Kane, No. 13-4614, 2013 WL 5803806, at *4 (E.D. Pa. Oct. 29,

---

[3]   A Rule 12(b)(1) dismissal on Rooker-Feldman grounds is a factual attack on federal jurisdiction since "Rooker–Feldman turns on whether the issues were or could have been

4

2013) aff'd sub nom. Healy v. Attorney Gen. Pa., 563 F. App'x 139 (3d Cir. 2014). "The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." Id., citing In re Madera, 586 F.3d 228, 232 (3d Cir. 2009). The Court of Appeals has held that:

> [T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010), citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 285 (2005). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." Id. These requirements "are closely related." Id. at 168. Plaintiff has met the first and third requirements: the state trial court entered summary judgment against plaintiff, plaintiff lost on appeal in the Superior Court and those judgments were entered before plaintiff filed this action in federal court. Thus, I will next address the second and fourth Rooker-Feldman requirements.

"The second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury." Great W. Mining, 615 F.3d at 166. For example, if "a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, Rooker–Feldman is not a bar to federal jurisdiction." Id. at 167. "A useful guidepost is the timing of the injury, that is,

---

raised and adjudicated in the state court . . . ." McCurdy v. Esmonde, No. 02-4614, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003) (citing cases).

5

whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been "caused by" those proceedings." Id.

Plaintiff complains of injuries caused by the state court's decision requiring him to file a certificate of merit pursuant to Rule 1042.3 in order to proceed with his action against Rubino. Specifically, plaintiff requests that I grant him the right to go to "trial . . . against attorney Rubino" and a "proper proceeding for redress or remedy" against Rubino. Plaintiff's requested remedy is thus directed squarely at an injury arising due to the state court's procedural requirements. The injury plaintiff seeks to remedy by challenging Rule 1042.3 did not exist before plaintiff's action and cannot be derived from Rubino's actions.

Related to the question of plaintiff's alleged injury is the rule that "[g]eneral constitutional challenges which are not inextricably intertwined with the merits of a state court judicial decision in a particular case are not precluded by Rooker-Feldman." McCurdy v. Esmonde, No.02-4614, 2003 WL 223412, at *9 (E.D. Pa. Jan. 30, 2003) (citations omitted). In a case raising a constitutional claim addressed by the state court, the federal court "must determine whether [the] action presents a general constitutional challenge permitted under Rooker–Feldman, or a challenge so intertwined with the state court adjudication that the relief sought would have the impermissible effect of overturning [the] state court judgment." Id.

Courts have looked to the nature of the relief sought by the plaintiff to distinguish between a "challenge to a state court adjudication in a particular case" and a "general constitutional challenge." Id. at *10. For example, the Court of Appeals has applied the Rooker-Feldman doctrine to bar an attorney's claims where he "had been disbarred by the Supreme Court of Pennsylvania and was challenging his disbarment" in federal court but permitted an attorney's claims where he "had been denied reinstatement by the [Pennsylvania] Supreme Court

6

and was trying to change the procedures applicable to future petitions for reinstatement." Id. (comparing Stern v. Nix, 840 F.2d 208 (3d Cir. 1988) and Centifanti v. Nix, 865 F.2d 1422, 1425 (3d Cir. 1989)).

In addition to seeking the right to proceed against Rubino in state court, plaintiff asks me to "issue declaratory relief" as I deem appropriate and just. Plaintiff's complaint, however, clearly demonstrates that he is not asserting a general constitutional challenge to Rule 1042.3 but rather seeks a remedy in his particular case. Plaintiff's response to the motion to dismiss makes clear that he is asking this Court for an individualized review of the unfavorable decisions against him in state court. Plaintiff repeatedly states that he "wants a remedy" and asks the Court "where is my remedy?" Dkt. No. 5 at 6. Insofar as plaintiff does seek a finding from this Court that Rule 1042.3 is unconstitutional, it is only in order to reverse the state court's grant of summary judgment against him and to proceed with his prior state court action against Rubino. Thus, plaintiff's claims satisfy the second Rooker-Feldman requirement.

The fourth Rooker-Feldman inquiry is "whether the plaintiff's claims will require appellate review of state-court decisions by the district court." Great W. Mining, 615 F.3d at 169. Prohibited appellate review "consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." Id., citing Bolden v. City of Topeka, Ks., 441 F.3d 1129, 1143 (10th Cir.2006). The district court retains jurisdiction as long as the "federal plaintiff present[s] some independent claim," even if that claim denies a legal conclusion reached by the state court. Id.

At the same time, however, "Rooker-Feldman applies to both claims that were brought and claims that *could have been* brought in state court." Villela v. City of Phila., No. 95-1313, 2000 WL 1972, at *3 (E.D. Pa. Dec. 30, 1999) (emphasis in original), citing D.C. Ct. of Appeals

7

v. Feldman, 460 U.S. 462, 483 n.16 (1983), aff'd 261 F.3d 495 (3d Cir. 2001). Additionally, whether the federal court is exercising appellate review is not related to the extent of the state court's treatment of each asserted claim, since "[i]f a state court considers and rejects a constitutional claim on the merits, a paucity of explicit analysis in the court's opinion will not strip the holding of its validity for purposes of Rooker-Feldman's jurisdictional bar." Gulla v. N. Strabane Twp., 146 F.3d 168, 172 (3d Cir. 1998) (noting that in Feldman the state court was considered to have decided the case on the merits because it had issued an overarching decision implicitly denying the petitioner's claims).

     Here, plaintiff challenges the constitutionality of Rule 1042.3 on Fourteenth Amendment and Contract Clause grounds. The state court did not expressly consider plaintiff's contract clause challenge, but it did explain that plaintiff had "alleged that Rule 1042.3 is unconstitutional because it violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment." Dkt. No. 6, Winslow v. Rubino, et al., No. 2010-13425 (Ct. Comm. Pleas Chester Cnty., Jan. 30, 2012). Plaintiff could have raised his Contract Clause argument in state court jointly with his other grounds for challenging the constitutionality of Rule 1042.3. Plaintiff also argued in the state court that Rule 1042.3 is unconstitutional under the separation of powers doctrine. The trial court's opinion expressly considered plaintiff's constitutional arguments and entered summary judgment against him. Thus, what plaintiff now asks me to do is effectively to exercise appellate review of the state court's constitutional findings.

     The Superior Court did not clearly consider plaintiff's Fourteenth Amendment claims independently from his separation of powers claim. Yet the Superior Court considered the trial court's opinion addressing plaintiff's constitutional claims. Finally, the Supreme Court of Pennsylvania declined to consider the Superior Court's opinion on appeal. At that point,

plaintiff's proper remedy was to petition the United States Supreme Court for review, not to attack the state court judgments by filing this action in federal court claiming that that Rule 1042.3 is unconstitutional.  See 28 U.S.C. § 1257; Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992); Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 243 (1969) ("discretionary refusal of the highest state court" means that "the decision of the lower court, rather than the order of the highest court refusing review" becomes the state court judgment subject to Supreme Court review under 28 U.S.C. § 1257).  The procedural posture of this matter also implies that plaintiff is impermissibly seeking appellate review of the state court judgments against him.  Thus, Rooker-Feldman applies to plaintiff's challenge to the constitutionality of Rule 1042.3 because plaintiff seeks appellate review to overturn the unfavorable state court decisions on their merits.  I do not have subject matter jurisdiction to consider plaintiff's claims pursuant to the Rooker-Feldman doctrine and will dismiss plaintiff's claims.

**II.     Failure to State a Claim**

    **A.     Improper Defendants**

Alternatively, plaintiff fails to state a claim against defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff alleges no facts connecting the three named defendants to the judicial proceedings he seeks to challenge.  It is not apparent from plaintiff's complaint that the named defendant judges were involved in the adjudication of plaintiff's prior state action at all and thus plaintiff's complaint should be dismissed for failure to state a claim against defendants.  See Dkt. No. 3 at 13-14; Dkt. No. 1.

Further, judges charged with neutral adjudication rather than the enforcement or promulgation of state statutes are not proper defendants in an action in which a plaintiff seeks to challenge the constitutionality of a state rule of civil procedure.  See Brandon E. ex rel. Listenbee

v. Reynolds, 201 F.3d 194, 195 (3d Cir. 2000) (finding state court judges were not proper defendants in action challenging state statute authorizing commitment of minors to involuntary drug and alcohol treatment services); In re Justices of Sup. Ct. of P. R., 695 F.2d 17, 22 (1st Cir. 1982) (finding that "§ 1983 does not provide relief against judges acting purely in their adjudicative capacity" but distinguishing cases in which "the judges had acted in a legislative capacity, which made their involvement in the litigation more direct and which gave them an institutional stake in the litigation's outcome" or in an enforcement capacity). Rather, "[t]he Pennsylvania Supreme Court has the exclusive power to establish rules of procedure for Commonwealth's judicial system." Douris v. Schweiker, 229 F. Supp. 2d 391, 406 (E.D. Pa. 2002), citing Commonwealth v. Brown, 669 A.2d 984, 988 (Pa. Super. Ct. 1995), aff'd sub nom. Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004). Thus, while he has not done so here, plaintiff might properly name the Pennsylvania Supreme Court as a defendant in an action challenging the constitutionality of Rule 1042.3.[4] See, e.g., Ins. Fed'n of Pa, Inc. v. Sup. Ct. of Pa., 669 F.2d 112, 113 (3d Cir. 1982) (challenging the constitutionality of Pa. R. Civ. P. 238). On this basis, I would dismiss plaintiff's complaint without prejudice to amending the complaint to plead a proper defendant.

### B. Failure to State a Claim under the Contract Clause

Further, plaintiff fails to state a claim under the Contract Clause. Article I, Section 10, Clause 1 of the U.S. Constitution provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." See U.S. Const. art. I, § 10, cl. 1. State laws "may trigger Contract

---

[4] Plaintiff inadvertently named a member of the Pennsylvania Supreme Court, Justice Stevens, who plaintiff apparently believed was still a Superior Court judge, as a defendant in this case. See Dkt. No. 1 at 2. That does not remedy the deficiency of plaintiff's complaint or his lack of standing addressed below, since plaintiff's complaint does not contain any allegation as to how Justice Stevens is connected to his claims.

Clause scrutiny if they impair the obligation of pre-existing contracts." Gen. Motors Corp. v. Romein, 503 U.S. 181, 189 (1992). Thus "the Contract Clause only protects *existing* contractual relationships and legitimate expectations based on the law in effect *at the time of the contract*." N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 386 (3d Cir. 2012) (emphasis in original) (finding that Contract Clause challenge to state statute could only apply retroactively to gift cards issued before the enactment of the statute).

Rule 1042.3 became effective on January 27, 2003. See Pa. R. Civ. P. 1042.3 ("adopted Jan. 27, 2003); McCrossan v. Wiles, No. 02-8402, 2004 WL 1925057, at *6 (E.D. Pa. Aug. 30, 2004) (same). The entire trajectory of plaintiff's complaint begins with his arrest on April 16, 2006.[5] Plaintiff does not contend that Rule 1042.3 affected existing contractual obligations between himself and Rubino when it became effective. Thus, plaintiff fails to state a claim under the Contract Clause that Rule 1042.3 is an unconstitutional infringement of his contractual relationship with Rubino.

### III.     Lack of Standing

In the same vein, plaintiff's complaint must fail because he lacks standing to bring suit against the named defendants. "A dismissal for lack of standing is effectively the same as a dismissal for failure to state a claim. In evaluating whether plaintiffs have adequately pled the elements of standing, the Court applies the same standard for reviewing a complaint pursuant to Rule 12(b)(6)." Healy v. Kane, No. 13-4614, 2013 WL 5803806, at *6 (E.D. Pa. Oct. 29, 2013), citing Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73 (3d Cir. 2011) aff'd sub nom.

---

[5] Plaintiff alleges that Rubino had worked for him before the incidents giving rise to this action. See Dkt. No. 1 at 8. Plaintiff does not allege, however, that his Contract Clause claim arises out of any prior contractual relationship with Rubino.

Healy v. Attorney Gen. Pa., 563 F. App'x 139 (3d Cir. 2014).  To establish standing plaintiff must allege:

> (1) an "injury in fact"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) a showing that it "be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 238 (3d Cir.2011), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).  First, plaintiff has not shown how his injuries are fairly traceable to the named defendants.  Second, plaintiff has not specified how any of his injuries would be redressed if I were to find Rule 1042.3 unconstitutional.  See Healy, 2013 WL 5803806, at *7 (finding plaintiff lacked standing to challenge Pennsylvania code of attorney conduct) aff'd sub nom. Healy v. Attorney Gen. Pa., 563 F. App'x 139 (3d Cir. 2014) (affirming on standing grounds).

Plaintiff also lacks standing because "[t]o satisfy the standing and case or controversy requirements of Article III, a party seeking a declaratory judgment must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."  Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009).  Plaintiff "does not allege that he will be subjected to" Rule 1042.3 in the future.  Id.  Plaintiff cannot allege future harm because, as discussed earlier regarding the Rooker-Feldman doctrine's application to plaintiff's claims, he seeks to overturn a prior individualized state court decision.  See id.

## CONCLUSION

For the reasons set forth above, I will grant defendants' motion to dismiss plaintiff's complaint.

An appropriate Order follows.